```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X    E.D. Bankr. Case
In re:                                 No. 04-81042(SB)

SELENA J. MORRA                        MEMORANDUM AND ORDER
                                       06-CV-6513(JS)
                    Debtor.
----------------------------------X
```

APPEARANCES:

| | |
|---|---|
| For Appellant/Ch. 7 Trustee: | Peter Corey, Esq.<br>Pryor & Mandelup, LLP<br>675 Old Country Road<br>Westbury, NY 11590 |
| For Appellee/Debtor: | Selena J. Morra, Pro Se<br>18 Prescott Avenue<br>Dix Hills, NY 11746 |

SEYBERT, District Judge:

## INTRODUCTION

Pending before the Court is Chapter 7 Trustee Robert L. Pryor, Esq. (the "Trustee" or "Appellant") appeal from an October 20, 2006 Order ("October Order") of United States Bankruptcy Judge Stan Bernstein denying the Trustee's objection to an exemption claimed by Selena J. Morra (the "Debtor" or "Morra"), the Debtor/Appellee. For the reasons explained below, the matter is REMANDED to the United States Bankruptcy Court for the Eastern District of New York for further proceedings consistent with this Order.

## BACKGROUND

Morra voluntarily filed a Chapter 7 petition for bankruptcy on February 23, 2004 (the "Petition"). In the schedules to the petition, Morra indicated that she had $33,196.00 in unsecured debt and owned a pension having a value of $3,000.00.

Morra claimed that the $3,000.00 in her pension was exempt from her bankruptcy estate.

At the first meeting of creditors on March 24, 2004, Morra indicated that there was an error in the schedules and that the asset referred to as a pension was the Verizon Savings and Security Plan for New York and New England formed under Section 401(k) of the Internal Revenue Code of 1986, as amended (the "401(k)"). Morra further testified that there was approximately $23,000.00 in the 401(k) as a result of monthly contributions of $446.00 made by Morra over approximately four years. The 401(k) represents the bulk of Morra's assets.

On June 7, 2006, the Trustee moved the Bankruptcy Court to disallow Morra from claiming an exemption for the funds held in the 401(k). The Trustee's main argument was that the exemption on which Morra relied, New York Debtor & Creditor Law § 282(iii)(2)(e), only exempts payment from certain plans and not the assets held in the plan and that since Morra had no right to payments under the 401(k) on account of "illness, disability, death, age, or length of service" as of the filing of her Petition, § 282 did not apply. In the alternative, the Trustee argued that, in the event the Bankruptcy Court deemed N.Y. C.P.L.R. § 5205(c) ("Section 5202(c)") applicable, the exemption should be denied because all the contributions Morra made to the 401(k) constituted fraudulent conveyances under Article 10 of New York Debtor and

2

Creditor Law.

The Bankruptcy Court's Order & The Trustee's Appeal

On September 20, 2006, the parties appeared before Judge Bernstein to argue the Trustee's objections to the exemption. Both parties were present. Judge Bernstein addressed the Trustee's arguments regarding New York Debtor and Creditor Law § 282 ("§ 282") and verbally told the parties that he would be denying the Trustee's motion and allowing Morra to claim the exemption. Subsequently, on October 20, 2006, Judge Bernstein issued a written order denying the Trustee's motion. At no point during the September 20 hearing did Judge Bernstein or the Trustee raise the argument that the funds Morra contributed to her 401(k) constituted fraudulent conveyances and, therefore, the exemption should be denied. Moreover, the October Order does not contain any mention of a fraudulent conveyance.

The Trustee now appeals the October Order. The Appeal relies, in its entirety, on the argument that the contributions to the 401(k) constitute fraudulent conveyances. While the Trustee cites three "issues presented" in this Appeal, there is really only one for this Court to address. Whether the Bankruptcy Court erred by finding that Morra was entitled to an exemption for money held in her 401(k). This Court is unable to determine whether Morra is entitled to the exemption because no determination was ever made as to whether the funds in the 401(k) were fraudulent conveyances.

DISCUSSION

I.  Standard Of Review

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bank. P. 8013.  A bankruptcy court's "finding[s] of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."  Id.; see also In re Momentum Mfg. Co., 25 F.3d 1132, 1136 (2d Cir. 1994); In re PCH Assoc., 949 F.2d 585, 597 (2d Cir. 1992).  "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . . Factual findings must be upheld if plausible in light of the record viewed in its entirety.  Robbins Int'l, Inc. v. Robbins MBW Corp. (In re Robbins Int'l, Inc.), 275 B.R. 456, 464-65 (S.D.N.Y. 2002) (internal quotations, citations omitted).  A bankruptcy court's legal conclusions are reviewed de novo.  See In re Momentum Mfg. Co., 25 F.3d at 1136.

II.  Exemptions

"Section 522 of Title 11 of the United States Code (the "Bankruptcy Code") permits a debtor to exempt certain property from becoming property of the debtor's estate under § 541 . . . .  New York chose to 'opt out' of the Bankruptcy Code's exemptions.

4

Consequently, Debtor, who is domiciled in New York, is restricted to the exemptions provided by New York State law." In re Maidman, 141 B.R. 571, 572 (Bankr. S.D.N.Y. 1992). The exemptions are listed in § 282. The statute provides, in pertinent part, that "an individual debtor domiciled in this state may exempt from the property of the estate . . . [t]he debtor's right to receive or the debtor's interest in . . . all payments under a stock, bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service . . . ." N.Y. Debt. & Cred. Law § 282(iii)(2)(e).

In his motion to the Bankruptcy Court, the Trustee argued that Morra's interest in the 401(k) should not be exempt under § 282 because (1) that section only exempts the right to payments, not the assets held in the plan, and (2) Morra had no right to payments "on account of illness, disability, death, age, or length of service" at the time she filed the Petition. (Trustee's Mot. to Bankr. Ct. 1-2.)

As to the first argument, the Bankruptcy Court, relying on a decision from 2001, held that "there is 'no meaningful distinction between the debtors' right to receive or interest in payments under the plan and [her] interest in the plan.'" October Order at 4 (quoting In re Ruffo, 261 B.R. 580, 584-85 (Bankr. E.D.N.Y. 2001). The Bankruptcy Court found the Trustee's second argument untenable based on a recent decision by the Supreme Court.

5

October Order at 5.

In Rousey v. Jacoway, the Supreme Court allowed husband and wife debtors to exempt from their bankruptcy estate certain distributions from an Individual Retirement Account ("IRA") because the IRA provided for distributions, without penalty, beginning at the age of 59½, which the Supreme Court held was the right to receive payment because of, or "on account of", age. It was of no consequence that the debtors could have received payments in other situations as well; the statute "requires that the right to payment be on account of age – not that it be solely on account of this factor." Rousey, 544 U.S. 320, 329 n.3, 125 S. Ct. 1561, 161 L. Ed. 2d 563 (2005). Based on this reasoning, the Bankruptcy Court held that Morra's 401(k) satisfied the "on account of" requirement and was exempt from the estate.

In the alternative, the Trustee argued that, in the event the Bankruptcy Court deemed § 5205(c) applicable, the exemption should be denied because all contributions to the 401(k) would have been fraudulent conveyances. (Trustee's Mot. to Bankr. Ct. 2.) Although the Bankruptcy Court defines Section 5205(c), it does not state that it deems that section applicable to the motion, nor does the opinion discuss, or even mention, whether Morra's contributions to the 401(k) were fraudulent conveyances. October Order at 3 n.1. As a result, this Court is unable to properly address the Trustee's argument in the instant appeal: that the Bankruptcy Court erred in

allowing the exemption because the money in the 401(k) was fraudulently conveyed. Furthermore, it would be inefficient for this Court to review the October Order at this time because, if, indeed, the funds were fraudulently contributed to the 401(k), any analysis of the October Order would be futile. As such, this matter is remanded to the Bankruptcy Court for further proceedings consistent with this Order.

CONCLUSION

Accordingly, for the foregoing reasons, the matter is REMANDED to the United States Bankruptcy Court for the Eastern District of New York for further proceedings consistent with this Order. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __10__, 2007
       Central Islip, NY